# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TAWNYA FAITH BROADDUS,**

           **Plaintiff,**

**-vs-**                                                    **Case No.  6:13-cv-1647-Orl-22DAB**

**AAA MID-ATLANTIC INC.,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO ABATE (Doc. No. 7)** |
| **FILED:** | **October 29, 2013** |

       **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

       Plaintiff Tawnya Faith Broaddus filed suit against Defendant AAA Mid-Atlantic Inc.[1]

("AAA") seeking coverage under an insurance policy issued to another driver, Richard Yarmy, arising

out of a motor vehicle accident in Palm Bay, Florida on July 12, 2011.  Plaintiff lost the case brought

against her in state court by the driver injured in the accident.  Following service of the Complaint in

this case, AAA filed a declaratory judgment action in Virginia state court and has moved to dismiss

or abate Plaintiff's case filed in this Court, arguing there has not yet been a determination of coverage

---

[1]AAA states that Plaintiff incorrectly named AAA Mid-Atlantic Inc. d/b/a AAA Mid-Atlantic Insurance Company as Defendant in the Complaint; however AAA Mid-Atlantic, Inc. and AAA Mid-Atlantic Insurance Company are two different entities.  Doc. 7 at 1.  If discovery bears out the misnomer, Plaintiff will be expected to seek leave to correct it in her pleadings.

regarding Plaintiff under the policy issued to Yarmy.  Because the Court finds that determination of coverage can be made in this action and that it appears Defendant has engaged in forum shopping, it is respectfully **RECOMMENDED** AAA's Motion to Dismiss or Abate be **DENIED**.

### I. Procedural History

Plaintiff filed this action in Brevard County Circuit Court on September 18, 2013, alleging breach of the contractual duty to pay (Count I) and the contractual duty to defend or settle (Count II) based on the insurance contract entered into between Defendant, AAA Mid-Atlantic Insurance Company ("Defendant" or "AAA"), and Richard A. Yarmy ("Yarmy"). Doc. 2.  On October 21, 2013, AAA filed a declaratory judgment action in Virginia state court (the "Virginia Action")[2].  The next day, on October 22, 2014, AAA removed the Brevard County lawsuit to this Court on the basis of diversity jurisdiction. Doc. 1 (Notice of Removal).  On October 29, 2013, AAA filed its Motion to Dismiss or Abate.  On November 12, 2013, Plaintiff filed her response; AAA filed a Reply on December 12, 2013.  Docs. 15, 21.  On February 28, 2014, Judge Conway referred the Motion to this Court.  Doc. 28.

### II. Background Facts

On February 15, 2011, AAA issued a policy of automobile insurance ("the Policy") to Richard Yarmy listing a 2008 Jeep Grand Cherokee ("Jeep") registered in Virginia as an insured vehicle; the Policy was in full force and effect until February 15, 2012. Doc. 2 ¶¶ 5-6, 8.  The Policy provided coverage which included bodily injury limits of $100,000 per person and $300,000 per occurrence. Doc. 2 ¶ 6.   Yarmy resided at 431 Harrisburg Street Southwest in Palm Bay, Florida at the time of the accident at issue in the case.  Doc. 2 ¶ 7.

---

[2]The case was filed in the Circuit Court for the County of Frederick, Virginia, Case Number CL 13000698-00. AAA recently amended allegedly based on the discovery that Yarmy made material misrepresentations during the application process and its subsequent rescission of the allegedly void insurance policy. In the Virginia Action, AAA seeks an order finding the insurance policy was properly rescinded and, consequently, is *void ab initio*.

Plaintiff was operating the Jeep on July 12, 2011 (while the Policy was in effect) when she was involved in a motor vehicle crash ("the Crash") with another motor vehicle being operated by Kelley Lynn Grugan. Doc. 2 ¶ 13. The Crash occurred under circumstances that created civil liability for Plaintiff for the resulting damages, including injuries suffered by Grugan. Doc. 2 ¶ 10. On July 13, 2011, Yarmy reported the Crash to AAA initiating a claim[3]. Doc. 2 ¶ 11. AAA then investigated the claim by Yarmy, and provided coverage to Plaintiff under a reservation of rights. Doc. 2 ¶ 12. However, on October 11, 2011, AAA determined that Plaintiff was not covered under the Policy for the Crash and discontinued the coverage that had previously been provided under a reservation of rights. Doc. 2 ¶ 13.

On November 10, 2011, Grugan initiated a lawsuit in Brevard Circuit Court naming Yarmy and Plaintiff as defendants for negligence in causing the crash and for Grugan's resulting injuries. Doc. 2 ¶ 14. Grugan dismissed Yarmy from the lawsuit on August 1, 2012. Doc. 7 at 3. Plaintiff represented herself pro se in the lawsuit, as she was unable to afford counsel to defend her, and, on February 4, 2013, following a jury trial, judgment was entered against her for $1,887,043. Doc. 2 ¶ 16.

### III. Analysis

AAA contends that Plaintiff's case should be dismissed because no determination of coverage has yet been made, and "the threshold issue of coverage must be decided before [AAA] may be found to have breached any contractual obligations to Plaintiff." Doc. 7. AAA argues in the alternative that the case should be abated pending the outcome of the Virginia Action which will determine coverage. Plaintiff argues that the coverage issue need not be determined first in separate litigation in Virginia, thus, dismissal or abatement of Plaintiff's claims in this Court is not warranted.

---

[3]AAA contends that Plaintiff was operating the Jeep without permission, *see* Doc. 7 at 2, and Plaintiff alleges that Plaintiff was using the Jeep with a reasonable belief she was entitled to do so, *see* Doc. 2 ¶ 9. The Court need not resolve this disputed factual issue at the juncture.

### A. Motion to Dismiss

When deciding a motion to dismiss based on a failure to state a claim upon which relief can be granted, the court must accept as true the factual allegations in the complaint and draw all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam) (citation omitted).

According to Federal Rule of Civil Procedure 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Twombly*, 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

AAA argues that Plaintiff's Complaint fails to state a claim for breach of contract because there has been no finding that Plaintiff was an insured under the insurance policy that AAA entered into with Yarmy. AAA cites a number of bad faith failure to defend insurance cases for the proposition that it is inappropriate to litigate a bad faith claim against the insurer until after the underlying coverage dispute is resolved. Doc. 7 at 4-5. AAA argues whether Plaintiff was an insured and entitled to benefits under the policy coverage "is the key issue in the Virginia Action." Doc. 7 at 5.

However, as Plaintiff points out, AAA's bad faith cases are inapposite because Plaintiff did not allege claims for breach of the implied covenant of good faith and fair dealing ("common law bad

faith") or for bad faith under Section 624.155, Florida Statutes ("statutory bad faith"). Doc. 15 at 5. As Plaintiff correctly argues, the determination of coverage is not a condition precedent to the prosecution of the claims asserted by Plaintiff; indeed, contractual duty is an element that will be determined in each of the present claims. Doc. 15 at 4.

Although the parties do not directly address at this juncture the choice of law question for the Insurance Policy, no matter whether Florida[4] or Virginia law[5] applies, there is no requirement that coverage must be decided in a *separate* action before Plaintiff can bring a straight-forward claim for duty to defend and duty to pay.  Under either state's law, the Court will be called on to decide whether AAA had a duty to defend and a duty to indemnify Plaintiff.

Under Florida law, the duty to defend is not a common law duty but purely a statutory or contractual duty.  *Allstate Ins. Co. V. RJT Enterprises, Inc*., 692 So.2d 142, 144 (Fla. 1997) ("In the absence of an express statutory or contractual duty to defend, there is no such duty.") (citing *Argonaut Ins. Co. v. Maryland Casualty Co.*, 372 So.2d 960, 963 (Fla. 3d DCA 1979)).   *Id.*  The duty to pay or indemnify is a concept distinct from a duty to defend, but the duty to defend is broader than the duty to pay. *See, e.g., Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So.2d 419, 421 (Fla. 3d DCA 1995). It encompasses responsibilities beyond the coverage limits; indeed, the cost of providing a defense may exceed the amount paid to indemnify.   *Id.*

Under Virginia law, the governing rule is that the duty to defend depends on whether the allegations in the complaint potentially fall within the policy's coverage. *Capital Envir. Svcs., Inc. v. North River Ins. Co.*, 536 F. Supp.2d 633, 639-40 (E.D. Va. 2008) (citing *VEPCO v. Northbrook Property & Cas. Ins.*, 252 Va. 265, 475 S.E.2d 264, 265 (1996)(stating that the duty to defend "arises

---

[4]Plaintiff alleges her claims arise under Florida law – breach of the duty to pay and breach of the duty to defend or settle. Doc. 15 (citing *Trizec Props., Inc. v. Biltmore Constr. Co., Inc.*, 767 F. 2d 810, 812 (11th Cir. 1985); *Burton v. State Farm Mut. Auto. Ins. Co.*, 335 F. 2d 317, 323 (5th Cir. 1964)).

[5]AAA argues that Virginia law applies.  *See* Doc. 7 at 5.

whenever the complaint [against the insured] alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy")).  This "Eight Corners Rule," requires a court to compare the four corners of the insurance policy against the four corners of the underlying complaint; if any allegations may potentially be covered by the policy, the insurer has a duty to defend.  *Id.* (citing *America Online, Inc. v. St. Paul Mercury Ins. Co.*, 207 F.Supp.2d 459, 465 (E.D. Va.2002)).

In neither Florida nor Virginia does the law of contracts require a finding of coverage in a separate lawsuit *before* the putative insured may bring suit.  Plaintiff has made it abundantly clear in her Response that she is not making a bad-faith failure to defend claim and all of the cases cited by AAA in support of its Motion to Dismiss or Abate are "bad faith" cases requiring a prior finding of coverage under the policy at issue.

AAA apparently concedes the distinction made by Plaintiff in that, in its Reply, AAA argues a completely new argument, *i.e.*, that the case should now be dismissed because AAA is seeking a ruling that "the Void Insurance Policy is *void ab initio,* so that it cannot provide the basis for Plaintiff's claim."  Doc. 21.  AAA has not cited any reasons it could not assert the issue of rescission of the Policy as *void ab initio* in either an affirmative defense or in a declaratory judgment counterclaim to Plaintiff's claims of breach of the duty to defend and pay filed in this Court.  *See, e.g., Breault v. Berkshire Life Ins. Co.,* 821 F.Supp. 410, 412 (E.D. Va. 1993) (insurer counterclaimed for rescission of contract to insured breach of contract claim).

Precedent from both Florida and Virginia courts allow a declaratory judgment action to determine whether a policy was void ab initio and/or properly rescinded.  *See, e.g., Utica Mutual Insurance Co. V. National Indemnity Co.*, 173 S.E.2d 855 (Va. 1970) (holding in a declaratory judgment action where policy holder failed to disclose his epilepsy on the application for insurance that the policy issued was *void ab initio*, and the insurer had no duty to pay any part of the judgment

obtained by the injured person against the insured); *Higgins v. State Farm Fire and Cas. Co.*, 984 So. 2d 5 (Fla. 2004) (holding a declaratory judgment action on coverage is authorized if necessary to decide coverage issues for the parties to avoid being placed in a position of having to have a substantial judgment against the insured without knowing whether there is coverage from a policy). Moreover, this Court can just as adeptly decide the choice of law and the coverage issues under either Florida law or Virginia law as well as the Virginia state court in a declaratory judgment count.

### B. Motion to Abatement

AAA argues in the alternative that the case should be abated until such time as the Virginia court has determined whether Plaintiff is entitled to coverage under the Policy. AAA argues that, until that time, Plaintiff's claim has not accrued, she is not entitled to discovery, and the case should be abated. Again, AAA bases this argument on cases exclusively predicated on bad faith claims, *see* Doc. 7 at 6, which (as explained above) are inapposite here[6].

AAA also argues that the case should be abated pursuant to the abstention doctrine[7] as explained in *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 814-16 (1976)[8]. Under the *Colorado River* doctrine, when a party seeks coercive relief in addition to declaratory relief, federal courts have a virtually "unflagging obligation. . . to exercise the jurisdiction given them," and should only abstain in "exceptional circumstances." *Id.*, 424 U.S. at 813, 817. Thus, the "rule is

---

[6]The case cited by AAA in support of abatement in its Reply, *Independent Fire Ins. Co. v. Arvidson*, 564 So.2d 1254, 1255 (Fla. 4th DCA 1990), is also distinguishable because it involved abatement of the personal injury action pending the decision on rescission. Here, the personal injury/negligence action has *already* resulted in judgment against the putative insured.

[7]AAA apparently abandons this portion of its abatement argument in its Reply.

[8]Abstention is generally appropriate in three circumstances: (1) "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," (2) "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of the case then at bar," and (3) "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Colorado River*, 424 U.S. at 814-16. Neither a constitutional claim or a criminal statute are at issue here; thus, the Court's analysis will be limited to the second ground.

generally that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction." *Id.* at 817.

A federal district court should consider the following factors in deciding whether to dismiss a suit on abstention grounds under Colorado River : (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. *Ambrosia Coal and Construction Co. v. Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004) (interpreting *Colorado River*). In applying these factors, one must keep in mind that the "abstention inquiry must be heavily weighed in favor of the exercise of jurisdiction." *Id.* at 1332.

AAA admits that the first three factors are neutral or irrelevant and do not weigh in its favor.[9] However, AAA argues the remaining three factors "strongly favor abstention." Doc. 7 at 9. AAA argues that the "desire to avoid piecemeal litigation" in Virginia state court and federal court in Florida weighs in its favor. However, as Plaintiff points out, although there is a general principle of avoiding duplicative litigation when multiple federal district courts might contemporaneously litigate the same claims, "[t]his general principle does not apply . . . where the duplicative litigation arises between state and federal courts." *Ambrosia Coal*, 368 F. 3d at 1328. As Plaintiff argues, this case is not one involving "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of the case then at bar" because, even assuming *arguendo* that Virginia state law applies (which Plaintiff disputes), the law of insurance contract interpretation is well-settled in Virginia and there is no policy problem of substantial public import.

---

[9]AAA concedes that the first factor is irrelevant since there is no property at issue. AAA concedes the second factor is "neutral" because "there are witnesses and other evidence to be found in Virginia and Florida." Doc. 7 at 8.

Doc. 15 at 10 (citing *TravCo Ins. Co. v. Ward*, 736 S.E. 2d. 321, 324 (Va., 2012) (describing the principles of Virginia insurance contract interpretation as "well-settled")).

Moreover, as discussed above, the order in which "the forums obtained jurisdiction" weighs more heavily in favor of not abstaining. Plaintiff filed suit in this Court, and only *after* AAA was served, did it file suit in Virginia state court. Given the evident forum shopping by AAA that would move this case to Virginia against Plaintiff's desire to litigate in Florida, this factor weighs *against* this Court abstaining.

Lastly, Plaintiff argues that the Eleventh Circuit has applied *Colorado River* abstention only in "exceptional circumstances" and no such circumstances are present here. Doc. 15 at 11 (citing *Jackson- Platts v. General Elec. Capital Corp.*, 727 F. 3d 1127, 1140 (11th Cir. 2013); *Ambrosia Coal and Constr. Co. v. Pages Morales*, 368 F. 3d 1320, 1328 (11th Cir. 2004)). The exercise of federal jurisdiction where proper is generally favored over voluntary abstention by federal courts. Abstention is viewed as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colo. River*, 424 U.S. at 813 (quoting *Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). Rather than file a counterclaim for declaratory judgment or an affirmative defense of rescission in the lawsuit in this Court, AAA decided to respond to Plaintiff's lawsuit by filing its own lawsuit in Virginia, even though the insured vehicle, the Jeep, was housed in Florida and the automobile crash took place in Palm Bay, Florida.

It is respectfully **RECOMMENDED** that AAA's Motion to Dismiss or Abate be **DENIED.** It is further **RECOMMENDED** that AAA be ordered to abate the action filed in Virginia state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 1, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy